In the

# United States Court of Appeals

### For the Seventh Circuit

No. 08-1163

CAROLINA CASUALTY INSURANCE COMPANY,

*Plaintiff-Appellee*,

*v.*

ESTATE OF DIMITRY KARPOV, DECEASED, and
MARGARITA KARPOV, Administratrix of the
Estate of Dimitry Karpov,

*Defendants-Appellants.*

Appeal from the United States District Court
for the Northern District of Indiana, Fort Wayne Division.
No. 06 C 33—**Theresa L. Springmann**, *Judge.*

ARGUED OCTOBER 22, 2008 —DECIDED MARCH 17, 2009

Before CUDAHY, MANION, and WILLIAMS, *Circuit Judges.*

MANION, *Circuit Judge.* Carolina Casualty sought a
declaratory judgment that its liability was limited to the
$1 million per-accident limit set forth in the insurance
policy it issued to Net Trucking, Inc. and Stanislaw Gill.
The defendants, who were among several of the victims
in a tractor-trailer/automobile accident, argued that the

Motor Carrier Act ("MCA") and an endorsement Carolina Casualty issued verifying compliance with the MCA established coverage at $750,000 per person. The district court rejected this argument, holding that the policy limited liability to $1,000,000 per accident. The district court granted Carolina Casualty summary judgment and we affirm.

## I.

On Sunday August 21, 2005, Stanislaw Gill, who was driving a tractor-trailer for Net Trucking, Inc., rear-ended a stopped automobile in a construction zone on the Indiana Toll Road. This collision set off a chain reaction which eventually led to the death of four individuals, the injury of numerous others, and property damage to several automobiles and the Indiana Toll Road.

At the time of the accident, both Net Trucking and Gill were insured under a policy issued by Carolina Casualty. The policy stated that Carolina Casualty's maximum liability for any one accident, regardless of the number of claimants or vehicles involved, was $1 million. Attached to the Carolina Casualty policy, as required for all commercial trucking insurance policies, was an "MCS-90" endorsement which likewise provided that Carolina Casualty's maximum liability per accident was $1 million.

Carolina Casualty initiated this interpleader action, naming as defendants Gill, Net Trucking, and those individuals who were injured in the August 21, 2005, accident or who had filed claims arising out of the acci-

dent. Carolina Casualty sought a declaration that its liability was limited to $1 million for the entire accident. Carolina Casualty also deposited $1 million into the district court registry for the benefit of the various claimants.

The parties to the interpleader action filed cross-motions for summary judgment. The district court ruled in favor of Carolina Casualty, holding that its liability was limited to the $1 million per-accident policy limit and that neither the MCA nor the MCS-90 endorsement issued by Carolina Casualty established a $750,000 per-person policy minimum. Interpleader defendant Margarita Karpov, individually and as the administratrix of the estate of Dimitry Karpov, appeals.

## II.

The Carolina Casualty insurance policy issued to Gill and Net Trucking expressly established a $1 million per-accident policy limit. Specifically, the "TRUCKERS COVERAGE FORM," "SECTION II—LIABILITY COVERAGE," provided:

C.  Limit Of Insurance.

Regardless of the number of covered "autos," "insured," premiums paid, claims made or vehicles involved in the "accident," the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" is the Limit of Insurance for Liability Coverage shown in the Declarations.

In turn, the "Truckers/Motor Carrier Coverage Form Declarations" page listed $1,000,000 under "LIMIT THE MOST WE WILL PAY FOR ANY ONE ACCIDENT OR LOSS." Additionally, the MCS-90 endorsement provided: "The policy to which this endorsement is attached provides primary or excess insurance as indicated by the X, for the limits shown." An "X" was placed in the box corresponding to: "This insurance is primary and the company shall not be liable for amounts in excess of $1,000,000 for each accident."

Notwithstanding this clear and unambiguous per-accident limit, the appellants argue that the MCA and the MCS-90 endorsement establish a $750,000 per-person liability minimum. The $750,000 figure comes from the MCA, which provides:

> (b) General requirement and minimum amount— (1) The Secretary of Transportation shall prescribe regulations to require minimum levels of financial responsibility sufficient to satisfy liability amounts established by the Secretary covering public liability, property damage, and environmental restoration for the transportation of property by motor carrier or motor private carrier . . . . (2) The level of financial responsibility established under paragraph (1) of this subsection shall be at least $750,000.

49 U.S.C. § 31139(b)(1)-(2).

The appellants argue that the $750,000 minimum level of financial responsibility applies on a per-person basis. In support of their position, they point to 49 U.S.C. § 13906(a)(1), which provides:

(1) Liability insurance requirement.—The Secretary may register a motor carrier under section 13902 only if the registrant files with the Secretary a bond, insurance policy, or other type of security approved by the Secretary, in an amount not less than such amount as the Secretary prescribes pursuant to, or as is required by, sections 31138 and 31139, and the laws of the State or States in which the registrant is operating, to the extent applicable. The security must be sufficient to pay not more than the amount of the security, *for each final judgment* against the registrant for bodily injury to, or death of, *an individual* resulting from the negligent operation, maintenance, or use of motor vehicles, or for loss or damage to property (except property referred to in paragraph (3) of this subsection), or both. A registration remains in effect only as long as the registrant continues to satisfy the security requirements of this paragraph.

(Emphasis added.)

The appellants argue that because 49 U.S.C. § 13906(a)(1) states that the security must be sufficient to pay "for each final judgment" for bodily injury to, or death of, "an individual," the minimum amount of security required by section 31139, namely $750,000, applies on a per-person basis and not on a per-accident basis, notwithstanding the clear language of the insurance policy.

The appellants' argument, however, ignores the full text of section 13906. The relevant provision states: "The security must be sufficient to pay *not more than the amount of the security*, for each final judgment against the registrant for bodily injury to, or death of, an

individual . . . ." 49 U.S.C. § 13906(a)(1) (emphasis added). The court in *Hamm v. Canal Insurance Company*, 10 F. Supp. 2d 539 (M. D. N. C. 1998), *aff'd*, 178 F.3d 1283 (4th Cir. 1999), aptly explained the meaning of this statutory language.

> With respect to the statute, it provides that "the security must be sufficient to pay, *not more than the amount of the security.*" The clear meaning of this statement is that whatever amount is to be paid will not exceed the amount of the security which has been established by the statute or the policy itself. This would mean that if the actual amount of the security is the minimum required by the statute, then the limit of potential liability for an insurer would be $750,000. However, if as in this case, the insured voluntarily elects to obtain a security in a larger amount, such as $1 million, then that amount becomes the limits of potential liability for the insurer for claims resulting from a single accident.

*Id.* at 544 (emphasis added).

The *Hamm* decision was appealed to the Fourth Circuit, which in an unpublished decision held that "the district court correctly determined that Canal's potential financial obligation is limited by the terms of the Policy and the MCA to $1 million per accident."[1] *Hamm*, 178 F.3d 1283 at *1.

---

[1] Fourth Circuit Local Rule 32.1 permits the citation to unpublished decisions issued prior to January 1, 2007, if the decision has precedential value and there is "no published decision that would serve as well."

Similarly, in *Stevens v. Fireman's Fund Insurance Co.*, 2002 WL 31951274 (S.D. Ohio Nov. 7, 2002), *aff'd* 375 F.3d 464 (6th Cir. 2004), the insurer had issued a policy with a liability limit of $1 million per accident. The insured was involved in an accident resulting in injuries to four individuals and environmental cleanup, costing in excess of $2.5 million. *Id.* at *1, n.1. The injured parties cited to 49 U.S.C. § 13906 for the proposition that the insurer must pay not more than the amount of the security for each final judgment and thus argued that the insurer was required to pay up to $1 million for each injured person. *Id.* at *5. The district court in *Stevens* found the *Hamm* decision persuasive and rejected this argument, holding that no coverage existed beyond the $1 million limit of liability. *Id.* at *7-8.

We agree with *Hamm* and *Stevens* and likewise conclude that the *"not more than the amount of the security"* statutory language refers to the $1,000,000 security per-accident that Net Trucking obtained from Carolina Casualty.

The appellants have not cited any case law interpreting section 13906 as establishing a per-person limit. Nonetheless, the appellants claim that even if the statute did not establish a per-person liability limit, the MCS-90 endorsement, which Carolina Casualty attached to its insurance policy, set the liability limit at $750,000 per person. The MCS-90 endorsement provided that:

> The insurance policy to which this endorsement is attached provides automobile liability insurance and is amended to assure compliance by the insured,

within the limits stated herein, as a motor carrier of property with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal [Motor Carrier Safety Administration].

The appellants argue that this endorsement established as a policy limit the $750,000 per-person minimum established by section 13906. There are three problems with this argument. First, as noted above, section 13906 does not mandate a $750,000 per-person minimum. Second, even if the statute did establish such a minimum, the endorsement expressly stated that it provides coverage "within the limits stated herein," and the endorsement set the limit at $1,000,000. Third, the Secretary of Transportation has set forth in 49 C.F.R. § 387.15, Illustration I, the appropriate form for the MCS-90 endorsement. This form states the policy limits on a per-accident basis, providing: "The policy to which this endorsement is attached provides primary or excess insurance, as indicated by 'X', for the limits shown: This insurance is primary and the company shall not be liable for amounts in excess of $ _____ for *each accident*." 49 C.F.R. § 387.15, Illustration I (emphasis added). Accordingly, the MCS-90 endorsement did not establish a $750,000 per-person liability minimum.

The appellants attempt to overcome the express language of the policy and the MCA by referring to legislative history and public policy. However, neither legislative history nor public policy can overcome the clear statutory language and regulatory form, which establish $750,000 as the minimum amount of financial responsi-

bility, and the policy language which defines the liability on a per-accident basis. *Five Points Rd. Jt. Vent. v. Johanns*, 542 F.3d 1121, 1128 (7th Cir. 2008) (stating that resort to legislative history is only necessary if the statutory language is ambiguous); *see also Hamm*, 10 F.Supp.2d at 544-48 (rejecting public policy argument that MCA-90 endorsement establishes a $750,000 per-person limit). The $1,000,000 per accident policy limit governs.

### III.

The insurance policy clearly and expressly limited Carolina Casualty's liability to a maximum of $1,000,000 per accident. Neither the MCA nor the MCS-90 endorsement establishes a per-person limit. Accordingly, the district court properly granted Carolina Casualty summary judgment. For these and the foregoing reasons, we AFFIRM.